UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

ACUMEN RE MANAGEMENT CORPORATION,  :

                Plaintiff,  :

         -against-  :

GENERAL SECURITY NATIONAL INSURANCE :
COMPANY,  :

                Defendant.  :
------------------------------------- x

**MEMORANDUM DECISION
AND ORDER**

09 Civ. 01796 (GBD)

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Acumen Management Corporation ("Acumen") moves pursuant to 28 U.S.C. § 1292(b) for certification of this Court's orders dated February 25, 2010 (ECF No. 40) and September 7, 2012 (ECF No. 94) for interlocutory appeal. Plaintiff's motion is DENIED.

## I.    BACKGROUND AND PROCEDURAL HISTORY

      This Court more fully described the background of this case in a previous opinion, *Acumen Re Management Corporation v. General Security National Insurance Company*, No. 09 Civ. 01796, 2012 WL 3890128 (S.D.N.Y. Sept. 7, 2012), *appeal dismissed*, 769 F.3d 135 (2d Cir. 2014). In 1994, Acumen, an underwriter, entered into the "Acumen Re Reinsurance Underwriting Agency Agreement" (the "Underwriting Agreement") with Sorema North America Reinsurance Company ("Sorema"). 769 F.3d 136. Under that agreement, Acumen underwrote reinsurance of certain workers' compensation insurance. *Id.* Acumen's primary role as the underwriter was to identify, investigate, evaluate, and price risks of a type and range specified in the Underwriting Agreement. *Id.* For each risk that Acumen identified and Sorema accepted, Acumen would produce a "certificate" documenting the risk and related undertakings. *Id.* The Underwriting Agreement was supplemented by a "Contingency Commission Addendum"

-2-

("Addendum"), which provided that Acumen would "be allowed a thirty percent (30%) contingent commission on [Sorema's] share of annual net profits, if any . . . arising from [certificates] bound or written under the [parties' agreement]," subject to certain terms. *Id.*

General Security National Insurance Co. ("GSNIC") acquired Sorema in 2001. *Id.* at 137. The following year, Acumen and GSNIC agreed to end their relationship in the "Agreement Terminating Acumen Re Reinsurance Underwriting Agency Agreement" ("Termination Agreement"). *Id.* The Termination Agreement provided that GSNIC would make an immediate $1 million payment to Acumen in 2001 and later—in 2008—calculate and pay any contingent commissions due under the Addendum for the prior underwriting years. *Id.* The Termination Agreement also specified that certain provisions of the Initial Agreement would survive termination. *Id.*

In 2008, when GSNIC had to calculate the contingent commissions owed to Acumen, GSNIC concluded that none were due. *Id.* Disputing that conclusion, Acumen in August 2008 sued GSNIC in the Eastern District of Pennsylvania, alleging two counts: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. The Eastern District of Pennsylvania transferred venue to the Southern District of New York on January 20, 2009. On February 25, 2010, this Court dismissed Acumen's second count, alleging breach of the implied covenant of good faith and fair dealing, "as duplicative of plaintiff's contract claim." (Feb. 25, 2010 Order, ECF No. 40.) This Court, however, denied without prejudice to renew GSNIC's motion for partial summary judgment on Acumen's breach of contract claim as premature. (*Id.*)

In January 2011, after the close of discovery, Acumen moved for summary judgment on liability, and GSNIC moved again for summary judgment on liability and damages. On September 7, 2012, this Court granted partial summary judgment in GSNIC's favor, concluding

that Acumen had failed to produce evidence sufficient for a trier of fact to conclude that GSNIC had breached the contract in four of the five ways that Acumen alleged. *Acumen Re Mgmt. Corp.*, 2012 WL 3890128, at *5–9, *12. This Court found, however, that a genuine dispute of material fact precluded an award of summary judgment on the remaining theory, under which GSNIC is accused of relying on inaccurate data in calculating contingency commissions. *Id.* at *10–12. This Court also found that Acumen had failed "to go beyond its conclusory, speculative assertions to set forth with reasonable certainty evidence of some demonstrable harm" with respect to any of the theories of breach Acumen advanced. *Id.* at *11. Acumen has presented no calculation of economic loss suffered as a result of any alleged breach of contract. *Id.* Nonetheless, this Court held that even if Acumen was entitled to only nominal damages, it could attempt to establish at trial that GSNIC relied on inaccurate data and thereby breached its contractual obligations. *Id.*

In September 2012, Acumen moved for reconsideration or, in the alternative, for entry of a partial judgment under Rule 54(b) as to the four dismissed breach-of-contract theories. This Court denied Acumen's motion to reconsider the September 7, 2012 order but granted Acumen's motion to certify that order as a "final judgment for appeal" under Rule 54(b). *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, No. 09 Civ. 01796, 2012 WL 6053936, at *3 (S.D.N.Y. Dec. 4, 2012). The Second Circuit dismissed Acumen's appeal, holding that this Court's partial summary judgment was not amenable to certification under Rule 54(b) because the five different theories of recovery presented by Acumen did not amount to distinct claims for the purposes of Rule 54(b). 769 F.3d at 143–44. Acumen now seeks appellate review of the September 7, 2012 order—as well as the February 25, 2010 order—through an interlocutory appeal.

## II. LEGAL STANDARD FOR OBTAINING INTERLOCUTORY REVIEW

28 U.S.C. § 1292(b) provides that leave to appeal should be granted only if the order being appealed (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The movant bears the burden of demonstrating that *all three* of the substantive criteria are met." *Al Maya Trading Establishment v. Glob. Exp. Mktg. Co.*, No. 14 Civ. 00275, 2014 WL 3507427, at *12 (S.D.N.Y. July 15, 2014) (emphasis added) (quoting *Murray v. UBS Sec., LLC*, No. 12 Civ. 05914, 2014 WL 1316472, at *2 (S.D.N.Y. Apr. 1, 2014)). "Even where the three legislative criteria of Section 1292(b) appear to be met, district courts retain unfettered discretion to deny certification if other factors counsel against it." *Id.* (quoting *Murray*, 2014 WL 1316472, at *3) (internal quotation marks omitted).

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). "[O]nly exceptional circumstances . . . justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)) (internal quotation marks omitted). A movant's delay in filing a motion for interlocutory appeal may alone be sufficient ground for denying such a motion. *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 49–50 (S.D.N.Y. 2002) ("[Movant]'s [three-month] delay is itself a sufficient ground to deny [movant]'s motion.").

### III. THE SEPTEMBER 7, 2012 ORDER

With regard to the September 7, 2012 order, Acumen has failed to articulate a controlling question of law as to which there is substantial ground for difference of opinion. *See* 28 U.S.C. § 1292(b). Furthermore, Acumen has not shown that an immediate appeal from that order may materially advance the ultimate termination of this litigation. *See id.* Finally, Acumen's motion is untimely. *See, e.g., In re Buspirone*, 210 F.R.D. at 50.

#### A. Controlling Question of Law and Substantial Ground for Difference of Opinion

The "controlling question of law" under 28 U.S.C. § 1292(b) "must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005) (quoting *In re Worldcom, Inc.*, No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)). "The question must also be 'controlling,' in that the reversal of the order would terminate the action . . . or at the very least its resolution would materially affect the outcome of the litigation." *MCI WorldCom Commc'ns v. Commc'ns Network Int'l, Ltd.*, 358 B.R. 76, 79 (S.D.N.Y. 2006).

Acumen now seeks to appeal the same questions it had previously sought to appeal under Rule 54(b). (*Compare* Pl.'s Mem. of Law at 4–5, ECF No. 109, *with* Brief of Pl.-Appellant at 2, Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co., 769 F.3d 135 (2d Cir. 2014) (No. 12-508).) The two arguments that Acumen makes challenging this Court's September 7, 2012 order do not raise any question of law appropriate for interlocutory appeal. First, Acumen argues that this Court wrongly held that Acumen had failed to prove that it had suffered actual damages because this Court relied on the purportedly faulty financial calculations GSNIC had provided. (Pl.'s Mem. of Law at 5, ECF No. 109.) This Court had explained, however, that "[t]he record lack[ed] *any* evidence regarding what [Acumen's] contingent commission payment should have

been." *Acumen Re Mgmt. Corp.*, 2012 WL 3890128, at *11 (emphasis added). Questions relating to the proper evaluation of evidence are questions of fact, not law, and therefore are not appropriate for interlocutory appeal under Section 1292(b). *See Casey v. Long Island R. Co.*, 406 F.3d 142, 146–47 (2d Cir. 2005).

Second, Acumen argues that this Court granted summary judgement to GSNIC on grounds not raised in GSNIC's motion for summary judgment. (*See* Pl.'s Mem. of Law at 6, ECF No. 109.) This Court addressed this argument previously when denying Acumen's motion for reconsideration:

> The Court considered both motions for summary judgment and both parties' Local Rule 56.1 statements. When there is no genuine issue of material fact, it is within the Court's discretion to grant summary judgment on a given issue, even though the Court frames the issues in a way that differed from the way the moving party presented them to the Court. *See Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991). Each party had a full and fair opportunity to brief the issues and provide the facts they deemed material. *See First Fin. Ins. Co. v. Allstate Interior Demolition Corp.*, 193 F.3d 109, 115 (2d Cir. 1999). Granting GSNIC partial summary judgment did not oblige the Court to track the structure of GSNIC's motion in its decision.

*Acumen Re Mgmt. Corp.*, 2012 WL 6053936, at *1. There is no substantial ground for difference of opinion on the question of whether a district court may grant summary judgment on a given issue while framing the issues in a manner that differs from the way that the moving party presented it. *See Coach Leatherware Co.*, 933 F.2d at 167.

Acumen has failed to show that the September 7, 2012 order involves a controlling question of law as to which there is substantial ground for difference of opinion.

### B. Material Advancement of the Ultimate Termination of the Litigation

An order does not qualify for Section 1292(b) certification when appellate review of the order would not speed the district court's consideration of the merits of the parties' claims because no matter how the order is resolved, the district court must then proceed to resolve the merits of the parties' claims by trial. *See In re The City of New York*, 607 F.3d 923, 933–34 (2d. Cir. 2010). Acumen asserts that it is unlikely to pursue a trial on nominal damages if it loses its appeal. (Pl.'s Mem. of Law at 8, ECF No. 109.) Acumen acknowledges that "a far larger trial will be necessary" if it prevails on appeal. (*Id.*) However the appeal is decided, this Court must still resolve the merits of Acumen's claims through a trial. As the Second Circuit explained, "what remains before the District Court is whether [GSNIC] breached the Agreements by using flawed data to determine whether it owed Acumen any contingent commissions. Resolution of that issue is tied up with the merits issues [Acumen seeks to appeal], all of which ultimately bear on the question whether [GSNIC]'s calculations were correct." 769 F.3d at 143.

Moreover, the potential advancement of proceedings alone does not support interlocutory appeal when the controlling issues are questions of fact rather than law. *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) ("Section 1292(b) . . . allows certification only of 'question[s] of law.' Where, as here, the controlling issues are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court.") If Acumen seeks to hasten the ultimate termination of this litigation, it has many options, including seeking an expedited trial on limited legal and factual issues.

### C.  Timeliness

Acumen filed its motion seeking certification nine and a half months after the Second Circuit dismissed Acumen's appeal for lack of jurisdiction and remanded the case back to this Court. That delay alone is sufficient ground to deny Acumen's motion. *See, e.g., In re Buspirone*, 210 F.R.D. at 50 ("[Movant]'s [three-month] delay is itself a sufficient ground to deny [movant]'s motion.")

Acumen has failed to show that the September 7, 2012 order involves a controlling question of law as to which there is substantial ground for difference of opinion. Acumen has also not shown that an immediate appeal from that order may materially advance the ultimate termination of this litigation. Additionally, Acumen's motion is untimely. Acumen's motion to certify that order for interlocutory appeal is DENIED.

### IV.  THE FEBRUARY 25, 2010 ORDER

Although Acumen has moved for certification of the February 25, 2010 order for interlocutory appeal, Acumen makes virtually no separate argument about that order. In its memorandum of law in support of its motion, Acumen devotes a single sentence to that order, stating that this Court dismissed Acumen's claim for breach of the implied covenant of good faith and fair dealing "long before it determined whether the claim for breach of contract was viable." (Pl.'s Mem. of Law at 7, ECF No. 109.) Acumen's reply in further support of its motion makes no argument about the 2010 order at all. Where the same factual allegations underlie both claims, a claim asserting a breach of the implied covenant of good faith and fair dealing must be dismissed as duplicative of the breach of contract claim. *Excelsior Fund, Inc. v. JP Morgan Chase Bank, N.A.*, No. 06 Civ. 05246, 2007 WL 950134, at *6–7 (S.D.N.Y. Mar. 28, 2007) (collecting cases). The same factual allegations underlie both causes of actions. (*See* Am.

Compl. ¶ 87–92, ECF No. 1-4.) Therefore, the February 25, 2010 order does not involve a controlling question of law as to which there is substantial ground for difference of opinion. Finally, Acumen failed to move for certification of that order for interlocutory appeal for almost five years. Accordingly, Acumen's motion for certification of this Court's February 25, 2010 order for interlocutory appeal is DENIED.

## V. CONCLUSION

Plaintiff's motion pursuant to 28 U.S.C. § 1292(b) for certification of this Court's orders dated February 25, 2010 and September 7, 2012 for interlocutory appeal is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 108.

Dated: New York, New York
      March 7, 2016

SO ORDERED.

George B. Daniels
GEORGE B. DANIELS
United States District Judge